ADKINS et al. v. HUGHES et al.

Court of Appeals of Kentucky.

May 4, 1951.

C. F. See, Jr., Louisa, for appellants.

E. Poe Harris, Ashland, for appellees.

LATIMER, Justice.

Appellants and appellees for many years owned adjoining tracts of land on Morgans Creek in Lawrence County. The boundary line descriptions in the deeds of each call to Morgans Creek "thence down with the meanders of the same". Appellant, Rachel Adkins' deed is dated August 24, 1912. Appellees' deed is dated October 24, 1906.

It appears that Morgans Creek had changed its course subsequent to the latter deed above with the result that appellants lost land and appellees gained. Appellees instituted this action in ejectment to recover that portion of land that lies between Morgans Creek as it now is and Morgans Creek as it ran on October 24, 1906. From a judgment in favor of appellees this appeal is prosecuted.

Appellants are here saying chiefly that the court should have sustained their motion for peremptory instruction. They also insist that there is not sufficient competent evidence to sustain the verdict; and that the evidence is sufficient to establish title to this strip by adverse possession.

At the trial it was stipulated:

"It is stipulated and agreed by and between the plaintiffs and the defendants that on and prior to October 24, 1906, Morgans Creek, with its meanderings, was the dividing line between the plaintiffs' land, as described and bounded in the deed of that date from S. J. Diamond and Fanny Diamond to James Hughes, Deed Book 73, page 21, in plaintiffs' chain of title and the defendants' land, which is mentioned and described in the deed dated the 24th of Aug. 1912, from Andrew Adkins to Rachel Adkins, Deed Book 56, page 232, in defendants' chain of title, and that said deeds or copies thereof shall be introduced upon the trial and be made a part of the evidence and record in this action.

"It is further agreed that all other questions with reference of the sufficiency of pleadings and proof on either side are conceded or waived and that the Court shall instruct the jury in substance as follows:

"Instructions

"You are instructed to find from the evidence whether the location of Morgans Creek is different at this time from what it was on October 24, 1906, and, if you find that the location of the creek is different now from what it was then, you will further find from the evidence whether such change in location was sudden and unusual or the result of a slow and gradual process over the years.

"If you find it was a slow and gradual process over the years, then you will find in favor of the defendants.

"If, on the other hand, you shall find from the evidence that the change in the creek's former location to its present location was sudden and unusual and not a gradual process over the years, then you will find in favor of the plaintiffs, unless you shall further believe and find from the evidence that the defendants had been in the continuous actual uninterrupted adverse possession of the strip of land lying within and bounded by the former location and the present location of the creek, for more than 15 years next preceding the filing of the plaintiffs' petition herein on the 14th day of July, 1948, in which latter event you will find for the defendants."

In the light of the stipulations above we need only turn our attention to the matter of evidence. There is contradic-

tion in the evidence. There is strong positive evidence that the creek made a sudden change as a result of heavy rains, sudden rises and washouts. There was evidence that the change was gradual, that in making this slow and gradual change the land was washed from one side and deposits were made on the other, and that as this process went on appellants occupied and took possession of the accretion. The evidence is conflicting as to the possession of the strip of land after the change in the course of Morgans Creek.

There was ample evidence to justify the jury in returning its verdict in favor of the abrupt and sudden change and also as to the matter of possession. The court properly refused the peremptory instruction. The jury found under the agreed instructions above. We are not disposed to disturb this verdict since it is supported by evidence of substance.

The judgment is affirmed.